UNITED STATES of America, Appellee,

v.

**Terry Lee WOOD, Appellant.**

UNITED STATES of America, Appellee,

v.

**David Lee HIPPEN, Appellant.**

UNITED STATES of America, Appellee,

v.

**Charles Kent WOOD, Appellant.**

Nos. 87–2138 to 87–2140.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1988.

Decided June 29, 1988.

Rehearing and Rehearing En Banc Denied Aug. 15, 1988.

---

John C. Humpage, Topeka, Kan., for appellants.

Linda L. Parker, Asst. Atty. Gen., Kansas City, Mo., for appellee.

Before McMILLIAN, BOWMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Charles Kent Wood, David Lee Hippen, and Terry Lee Wood appeal their convictions for conspiracy to distribute cocaine. We affirm.

## I. Background

From April of 1984 until their arrest in November of 1985, Charles Wood and Scott Kibby transported cocaine from Florida to Topeka, Kansas. On an average of once a month, they would travel to Florida to purchase cocaine and return with the material to Kansas.

From April of 1984 until September of 1984, David Hippen was involved with Wood and Kibby in their cocaine activities. In September of 1984, Charles Wood and Kibby decided Hippen would no longer be involved in their operation because he had a serious cocaine habit, was in debt, and was disclosing information about their activities to others. After that time, Hippen did not participate in the transporting of the cocaine.

In January of 1985, Charles Wood went to Hawaii for a vacation and Kibby went to Florida alone. Charles Wood had made arrangements for Kibby to deliver Wood's share of the cocaine purchased in Florida to Wood's brother, Terry Wood. When Kibby returned from his trip to Florida he delivered one-half kilo of cocaine to Terry.

Charles Wood and Kibby continued to make monthly trips to Florida, purchasing cocaine on each trip. In November of 1985, Charles Wood again did not accompany Kibby on the trip to Florida. Instead, Arthur Ward travelled with Kibby. On their return, Kibby and Ward were arrested at the Atlanta Airport. During the questioning which followed their arrests, Kibby and Ward gave statements to Federal Drug Enforcement Agency (DEA) agents which implicated David Hippen, Charles Wood, and Terry Wood.

Kibby and Ward agreed to cooperate with the DEA. Kibby and a DEA agent flew to Kansas City. They went to the DEA office in Kansas where Kibby telephoned Charles Wood and asked Wood to pick him up at the airport. Kibby was taken to the Kansas City International Airport to wait for Charles Wood. Kibby met with Wood and loaded his baggage, which contained the cocaine, into the back of Charles Wood's car. At that point, DEA agents arrested Charles Wood and seized the cocaine.

Kibby and Ward were granted immunity from prosecution in exchange for their cooperation with federal authorities. Charles Wood, Terry Wood, and Hippen were charged with conspiracy to distribute cocaine pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

At trial the jury found each defendant guilty. Each defendant had a mandatory $50 special assessment imposed and received a sentence of imprisonment: Charles Wood was sentenced to 12 years; David Hippen was sentenced to 8 years; and Terry Wood was sentenced to 4 years.

## II. Discussion

### A. Coconspirator's Statements

■ Prior to trial the defendants filed a motion requesting a pretrial hearing to determine whether a conspiracy existed. The defendants anticipated that the prosecution would offer as evidence the statements of Kibby and Ward, as well as those of the defendants, under the rule dealing with coconspirator's statements. Fed.R.Evid. 801(d)(2)(E). In order to prevent the jury from hearing evidence which they considered to be inadmissible hearsay, the defendants felt that a pretrial determination of the issue of conspiracy was necessary.

In ruling on the motion, the magistrate determined that *United States v. Bell*, 573 F.2d 1040 (8th Cir.1978) provided the proper procedure for the admission of coconspirator's statements. In *Bell*, 573 F.2d at 1044, the court provided the following procedural steps to be used when the admissibility of a coconspirator's statement is at issue:

(1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich*, 550 F.2d 1294, 1298 (2d Cir. 1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed.R.Evid. 104(c).

Since a pretrial determination of the issue of conspiracy is not part of the procedure set forth in *Bell*, the magistrate denied the motion stating that at trial the judge would follow, if appropriate, the procedure enunciated in *Bell*.

The defendants further argue that the procedure outlined in *Bell* does not preclude a pretrial determination of the existence of a conspiracy and the Federal Rules of Evidence and the circumstances of this case require it. Fed.R.Evid. 103(c) provides "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed.R.Evid. 104(c) states "[h]earings on other preliminary matters shall be * * * conducted [out of the hearing of the jury] when the interests of justice require, or when an accused is a witness and so requests."

The procedure delineated in *Bell* was designed to deal with the problems that are addressed by Fed.R.Evid. 103(c) and 104(c), *i.e.*, the jury hearing evidence or statements determined by the trial court to be inadmissible or prejudicial. Because this procedure offers the defendants adequate protection against the jury hearing inadmissible evidence, we find no error in the magistrate's ruling.

The defendants further assert that had there been a pretrial determination, it would have permitted Terry Wood and Hippen the opportunity to file a timely motion to sever. However, Terry Wood and Hippen had sufficient time after denial of the motion for pretrial determination to move for a severance. The order denying their motion for pretrial determination was filed on March 19, 1987, and the trial did not begin until June 8, 1987.

The defendants also argue that at trial the court failed to follow the procedure set forth in *Bell,* thereby prejudicing Terry Wood and Hippen. This argument has no merit. The court correctly found that no statements of coconspirators were offered as evidence by the government. Therefore, a situation which required the procedures outlined in *Bell* never arose. Also, the defendants did not object to any questions asked by the prosecution on the basis that the questions required a witness to recount inadmissible out-of-court statements of a coconspirator. The defendants only once requested a cautionary instruction regarding out-of-court statements and the court gave the requested instruction. This instance involved an out-of-court statement of Charles Wood, one of the defendants. The court cautioned the jury that Wood's statement could be considered only against him and not against any of the other defendants, thereby taking the statement out of the context of Rule 801(d)(2)(E).

### B. Motion for Return

Pursuant to Fed.R.Crim.P. 41(e), Charles Wood filed a pretrial motion seeking the return of his car which had been seized following his arrest. The car was subject to forfeiture under 21 U.S.C. § 881(a)(4) which provides for forfeiture of vehicles "which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of a controlled substance. After a thorough survey of 21 U.S.C. §§ 881(c)–(d), 19 U.S.C. §§ 1607–18 and 28 C.F.R. §§ 9.1–.7 and 1316, the magistrate, in his Report and Recommendation, properly concluded that when property is seized

pursuant to 21 U.S.C. §§ 881(a)–(d) and 19 U.S.C. §§ 1607–18, as Wood's car was, the owner has two avenues through which to seek return of the property. The first is to file a claim and post a ten percent bond within 20 days after the date of the first publication of notice of seizure. At that point, administrative forfeiture proceedings cease and the United States Attorney must begin condemnation proceedings. 19 U.S.C. §§ 1607–08; 21 C.F.R. §§ 1316.75–.78. The second alternative the owner can pursue is to file a petition for remission or mitigation, whereupon the Attorney General shall make an allowance or denial of the petition. 19 U.S.C. § 1618; 21 C.F.R. §§ 1316.79–.80; 28 C.F.R. §§ 9.3 and 9.4(f).

Wood was advised of both of these options in the December 4, 1985 notification of seizure. By virtue of his failure to file a claim and post a bond, and his filing of a petition for remission, it is apparent that he elected to pursue the latter of the two options. A declaration of forfeiture was issued on January 2, 1986, which acknowledged receipt of the petition for remission. We infer from the issuance of the declaration, as did the magistrate, that the petition for remission was denied.

A denial of a petition for remission is not subject to judicial review. *See United States v. One 1973 Buick Riviera Automobile,* 560 F.2d 897 (8th Cir.1977). Therefore, this court does not have jurisdiction to review the refusal to grant the request. This is not to say that Wood does not have any forum in which he can bring his claim to regain possession of the car. He can bring a civil proceeding *in rem* to challenge the forfeiture.

Fed.R.Crim.P. 41(e) requires the trial court to consider the motion for return also as a motion to suppress evidence under Rule 12 and, although unclear from statements made by counsel at oral argument, it appears that the motion for return was intended, in part, as a motion to suppress. In his motion for return, however, Wood failed to assert grounds upon which a motion to suppress could have been granted. Wood stated only that the seizure of the

vehicle caused him irreparable harm and emotional and financial drain. Therefore, we have no basis upon which to review denial of the motion, although we could have considered the matter had a constitutional claim been properly asserted before the trial court. However, even if considered on its merits as a constitutional attack upon the use of evidence, the request had absolutely no legal validity since the government did not seek to offer the automobile as evidence at the trial.

### C. Insufficiency of Evidence

◼ Defendant Terry Wood asserts that the evidence presented at trial was insufficient to sustain his conviction for participation in a conspiracy to distribute cocaine pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The evidence of Wood's participation in the conspiracy consisted of the statements of Kibby that Kibby had delivered a package containing one-half kilo of cocaine to Wood in January of 1985. Kibby stated that he took the cocaine to Wood to hold for his brother, Charles Wood.

Terry Wood argues that the trial court, following the procedures outlined in *Bell*, was required to make a determination, based upon "independent evidence," that a conspiracy existed before allowing evidence which would be admissible only under the coconspirator rule found in Fed.R.Evid. 801(d)(2)(E). *Bell*, 573 F.2d at 1044. However, the testimony of Kibby was not a recitation of hearsay or even a statement defined in Rule 801(d). Therefore, no determination that a conspiracy existed was necessary. In any event, the "independent evidence" rule announced in *Bell* has now been abrogated by the recent Supreme Court holding in *Bourjaily v. United States*, — U.S. —, 107 S.Ct. 2775, 2783, 97 L.Ed.2d 144 (1987).

In order to determine whether the evidence was sufficient to sustain a verdict against Terry Wood, we must review the record "in the light most favorable to the government [to determine whether] there is substantial evidence to support the jury's verdict" that Wood was guilty of conspiracy to distribute cocaine. *United States v.*

*Karunatileka*, 820 F.2d 961, 965 (8th Cir. 1987). From the evidence in the record we find that the jury could have found beyond a reasonable doubt that Wood was a part of the conspiracy to distribute cocaine.

### D. Prosecutor's Comments in Closing Argument

◼ In the rebuttal portion of closing argument the prosecutor referred to the fact that neither Charles Wood's wife nor Terry Wood's girlfriend had been called to testify. These comments referred to Kibby's testimony that Mrs. Wood went with her husband to Florida in August of 1985 and that Terry Wood's girlfriend was with him when Kibby delivered cocaine to him in January of 1985. Upon the completion of the prosecutor's closing argument, the defendants objected to the comments and requested a mistrial. The court denied the request. The defendants did not at that time ask that a cautionary instruction be given to the jury.

The defendants claim that these comments were references to the failure of the defendants to testify. While it is well established that a direct comment by the prosecutor upon a defendant's failure to testify violates his fifth amendment privilege against self-incrimination, *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965), the statements were not such as to lead the jury to construe them as a comment on the defendants' silence. In addition, the court instructed the jury, immediately following the closing argument, that the defendants had no duty to produce evidence. Therefore, we find the court properly denied the defendants' motion for a mistrial.

### III. Conclusion

We have reviewed each of the defendants' other assignments of error, including their claim that the trial court erred in refusing to give the jury instructions requested by the defendants, and find each to be without merit.

For the foregoing reasons the decision of the district court is affirmed.