# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3519

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| Alex E. Womack, | * | District of Iowa, Eastern Division |
| | * | |
| Appellant. | * | |

———————

Submitted: March 10, 1999
Filed: September 15, 1999

———————

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and NANGLE,[1] Senior District Judge.

———————

NANGLE, Senior District Judge.

Alex E. Womack appeals from the final judgment entered in the District Court for the Northern District of Iowa upon a jury verdict finding him guilty of conspiracy to distribute fifty or more grams of cocaine base (crack) in violation of 21 U.S.C. § 846. The district court sentenced Womack to 292 months imprisonment, with five years supervised release and $100 special assessment. Womack appeals on four

———————

[1]The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

grounds: (1) the district court erroneously admitted inadmissible hearsay statements at trial, (2) the evidence does not support the jury's verdict, (3) the district court erroneously denied Womack's motion for new trial based upon newly discovered evidence, and (4) the district court erred in applying a four level increase when sentencing Womack pursuant to the United States Sentencing Guidelines. We affirm.

## I. BACKGROUND

On March 13, 1997, Womack was indicted for two counts of distribution of cocaine base in violation of 21 U.S.C. § 841 (a) (1). Clerk's R. at 1-2. On April 25, 1997, a superseding indictment was filed which added a third count. This count charged that between 1992 and 1997, Womack conspired "to distribute and possess with the intent to distribute fifty or more grams" of crack cocaine in violation of 21 U.S.C. § 846. Clerk's R. at 3-4. Prior to the trial, which began on October 21, 1997, the government dismissed the two distribution counts. The jury found Womack guilty on the conspiracy count on October 24, 1997. Clerk's R. at 19. Womack then filed a pro se motion for new trial. Clerk's R. at 20.

On November 19, 1997, Judge Melloy received a letter from Dennis Patrick Murphy, an inmate at Linn Correctional Center, which alleged that some of the government's witnesses had fabricated testimony at Womack's trial. Appellant's Br. Add. at A-5 through A-10. On November 25, 1997, Womack filed a motion for a new trial based upon newly discovered evidence as a result of the emergence of this letter. Appellant's Br. at 2. The hearing on the motion for new trial began on February 20, 1998. On March 13, 1998, Womack filed a motion for new trial based on ineffective assistance of counsel. Clerk's R. at 22. The court held a hearing on March 20, 1998 and authorized Womack's trial counsel to withdraw. The court appointed substitute counsel, who represented Womack in the motion for new trial hearing on June 1 and 10, 1998. Appellant's Br. at 2.

On July 15, 1998, Womack filed an amended motion for new trial based on ineffective assistance of counsel. On August 20, 1998, Judge Melloy denied Womack's motion for new trial based upon the newly discovered evidence but declined to rule on the ineffective assistance of counsel claims, explaining that these claims would be more appropriately raised at the post conviction stage. Clerk's R. at 25; Appellant's Br. at 2.

At the sentencing hearing on September 14, 1998, the district court assigned Womack a base offense level of 36 pursuant to U.S.S.G. § 2D1.1, after determining that the drug quantity attributable to Womack was 850 grams. Tr. Sentencing Hr'g, Sept. 14, 1998, at 26. The court imposed a four level enhancement for playing an aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1. Tr. Sentencing Hr'g, Sept. 14, 1998, at 29-31. Womack had no criminal history, and Judge Melloy placed him in criminal history category I. Appellant's Br. at 3; Appellee's Br. at 2. Since Womack's total offense level was now 40, the guideline range for that level was 292 to 365 months. Judge Melloy sentenced Womack to serve 292 months, with five years supervised release and $100 special assessment. Tr. Sentencing Hr'g, Sept. 14, 1998, at 35-38. Womack then filed a timely notice of appeal. Clerk's R. at 26.

At trial, four witnesses testified to conversations between themselves and Ronnie Rice, an alleged co-conspirator with Womack in the drug business. Appellant's Br. at 11-12; Appellee's Br. at 16. Three witnesses testified to conversations they had with someone named "Mike" or "Mike Thurman," another alleged co-conspirator with Womack. Appellant's Br. at 13; Appellee's Br. at 17. One other witness testified to a conversation he had with a man named Chuckie, another alleged co-conspirator. Appellant's Br. at 14; Appellee's Br. at 19. A total of thirteen witness testified that they had bought crack cocaine from Womack, had seen Womack in possession of large quantities of crack, had seen him selling crack to others, or had seen Womack direct others to sell crack for him. Appellee's Br. at 2-13. Womack alleges that five of these witnesses fabricated their stories in order to obtain downward departures from the

3

government. Appellant's Br. at 16. Womack's girlfriend and another woman testified on his behalf. The second woman testified that one of the government's witnesses had attempted to persuade her to gather evidence against Womack. Appellant's Br. at 7.

At the hearing for new trial, Womack called Murphy and five other witnesses who testified that five of the government witnesses had worked together to fabricate their stories about Womack. The government called those five trial witnesses, who all denied lying under oath. Appellant's Br. at 7-9.

## II. DISCUSSION

### A. Admissibility of Alleged Co-Conspirators' Statements

Womack argues that the district court erred by admitting numerous hearsay statements as co-conspirator statements made during the course of and in furtherance of the alleged conspiracy. Womack alleges that the testimony of the witnesses as to their conversations with Ronnie Rice, Mike Thurman, and Chuckie were not admissible because there was no evidence that Rice, Thurman, Chuckie and Womack were in a conspiracy together. Further, Womack argues, the alleged statements were not made in furtherance of a conspiracy. Appellant's Br. at 11-14.

The Court reviews a district court's determination to admit evidence under the deferential abuse of discretion standard. United States v. Johnson, 28 F.3d 1487, 1496 (8th Cir. 1994), cert. denied, 513 U.S. 1098 (1995) (citing United States v. Layne, 973 F.2d 1417, 1421-22 (8th Cir. 1992), cert. denied, 506 U.S. 1066 (1993)). The district court's decision will be affirmed unless there is "a clear and prejudicial abuse of discretion." Id. at 1498; United States v. McCracken, 110 F.3d 535, 542 (8th Cir. 1997). Womack argues that the district court's admission of the alleged co-conspirator hearsay statements was an abuse of discretion.

4

In order to admit statements of co-conspirators against a defendant, "the government must prove by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the declaration was made during the course of and in furtherance of the conspiracy." United States v. Guerra, 113 F.3d 809, 813 (8th Cir. 1997). Further, the court may consider the co-conspirator statement itself when determining whether a conspiracy existed. Bourjaily v. United States, 483 U.S. 171, 176-81(1987); U.S. v. Wood, 851 F.2d 185, 189 (8th Cir. 1988). In United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1978), we set out the procedure for determining the admissibility of a co-conspirator's statement. In that case, the Court explained that the district court may admit the hearsay statement of alleged co-conspirators on the condition that the government "prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course and in furtherance of a conspiracy." Id. at 1044.[2]

In the instant case, there was sufficient evidence for the district court to find a conspiracy between Rice, Thurman, Chuckie and Womack. Several witnesses testified that Rice and Thurman delivered cocaine that the witnesses had ordered from Womack. Other witnesses testified that they saw Womack supply Rice and Thurman cocaine for the purpose of selling it. Additionally, some of the witnesses testified that they were told by Rice and Thurman that they were working for Womack and that Womack supplied the two men with crack cocaine to sell. Appellant's Br. at 3-7; Appellee's Br. at 2-13. One witness testified to receiving crack from Womack through Chuckie. The witness testified that Chuckie stated that he was working for Womack. Appellant's Br. at 14; Appellee's Br. at 8. The evidence suggests that the admitted statements were made by members of a conspiracy and in furtherance of that

_____

[2] The requirement of independent evidence to support the admission of a co-conspirator's statement was rejected in Bourjaily, 483 U.S. at 172. This issue is not pertinent to the case at hand, however, because substantial independent evidence existed. The district court did not need to rely on the co-conspirator's statements alone.

conspiracy. Under the circumstances, the district court did not abuse its discretion by admitting these hearsay statements.

**B. Sufficiency of Evidence to Support Jury Verdict**

Womack argues that there was insufficient evidence to convict him of conspiracy. We must review the sufficiency of the evidence in the light most favorable to the government. United States v. Jorgensen, 144 F.3d 550, 557 (8th Cir. 1998) (citing United States v. Berndt, 86 F.3d 803, 809 (8th Cir. 1996)). The court "can reverse for insufficient evidence only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Roach, 28 F.3d 729, 736 (8th Cir. 1994).

In order to prove that a conspiracy existed, the government must prove that two or more people agreed to commit an unlawful act. The government must also prove that at least one of these people acted to achieve the unlawful act. It must be proven, beyond a reasonable doubt, that the defendant knew the main object of the conspiracy. United States v. Slaughter, 128 F.3d 623, 628 (8th Cir. 1997). "[A] defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden." United States v. Kates, 508 F.2d 308, 310 (8th Cir. 1975). "Slight evidence" may be used to link a defendant with a conspiracy once the government has established its existence. Further, there is no need to prove that the defendant knew all of the co-conspirators or participated in all facets of the conspiracy. The government need only show that the defendant willingly agreed to participate in the conspiracy and intended its unlawful goal. Id.

When viewed in the light most favorable to the government, the evidence establishes that Womack was a member of a conspiracy to distribute and possess with intent to distribute more than fifty grams of crack between 1992 and 1997. The government presented thirteen witnesses who testified that they had obtained crack from Womack. Rice and Thurman delivered the crack to these witnesses and told them

that the defendant was the source of the crack. These witnesses also testified that Womack, Rice and Thurman traveled to Chicago on different occasions to obtain crack. The evidence shows that the defendant directed several other people, including Georgia Oltmanns, Rice, Thurman and John "Flip" Orr to sell crack cocaine for Womack in Dubuque, Iowa. Appellant's Br. at 3-7; Appellee's Br. at 2-13. Womack also tried to recruit others to sell crack on his behalf and tried to establish territories in Dubuque where each of his dealers could sell crack. Appellant's Br. at 6; Appellee's Br. at 10-11; Tr. Sentencing Hr'g, Sept. 14, 1998, at 23. Although there were no other co-conspirators named in the indictment, this factor does not preclude a finding of a conspiracy. United States v. Agofsky, 20 F.3d 866, 870 (8th Cir. 1994) (citing United States v. Smiley, 997 F.2d 475, 479 (8th Cir. 1993)). The evidence is sufficient to support the conviction.

### C. Denial of Motion for New Trial Based Upon Newly Discovered Evidence

Womack argues that the district court erred in denying his motion for new trial based upon newly discovered evidence. The court reviews a district court's denial of a motion for new trial based on newly discovered evidence for abuse of discretion. United States v. Ryan, 153 F.3d 708, 711 (8th Cir. 1998) (citing United States v. Hiveley, 61 F.3d 1358, 1361 (8th Cir. 1995)(per curiam)).

Womack contends that after the trial concluded, he found evidence that five of the government's witnesses had fabricated their testimony in order to obtain downward departures in their own sentences. Appellant's Br. at 16. In the hearing on the motion for new trial, Womack argued that the letter that Judge Melloy received from Dennis Murphy constituted evidence that five government witnesses fabricated their stories in Womack's trial. Murphy testified at the hearing that certain government witnesses conspired to fabricate testimony to implicate Womack. Womack presented other witnesses who corroborated Murphy's testimony. Much of the planning for this conspiracy allegedly occurred in the Linn County Jail law library. Additionally, Womack presented jail records that showed multiple visits by the inmates in question

to the law library. Appellant's Br. at 16-17. The government called the five trial witnesses in question, and they denied fabricating their testimony. Appellant's Br. at 18. Accordingly, the district court discredited Murphy's testimony. The court also found the government's witnesses more credible than all of Womack's witnesses on the issue of fabrication. Appellant's Br. Add. at A-14 through A-18. Womack argues that this finding was clear abuse of discretion.

A credibility determination by the district court is "'virtually unreviewable on appeal.'" United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)). Further, "[a] district court's decision to credit a witness's testimony over that of another can almost never be clear error unless there is extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995). The district court credited the testimony of the government's witnesses over Murphy and Womack's other witnesses. The court found that Womack's witnesses' allegations of fabrication were "too far-fetched to be true." Appellant's Br. Add. at A-15. The court explained that four of the five government witnesses had given prior statements months before Womack's trial that were consistent with their testimony at trial. Appellant's Br. Add. at A-15 through A-18; Tr. Sentencing Hr'g, Sept. 14, 1998, at 23. There was no clear error in crediting the government witnesses' testimony.

Five pre-requisites must be met in order to justify a new trial based upon newly discovered evidence: "(1) the evidence must in fact be newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal." United States v. Luna, 94 F.3d 1156, 1161 (8th Cir. 1996). In the instant case, Womack cannot satisfy the fifth requirement of United States v. Luna.

The Murphy letter only attacked the testimony of five of the thirteen witnesses. Even if these five witnesses were lying, there were still eight others who testified to Womack's conspiracy to distribute crack. The testimony of these remaining eight witnesses would make the possibility of acquittal unlikely. Accordingly, there was no error.

### D.  Assessment of the Four Level Increase Pursuant to U.S.S.G. § 3B1.1(a)

Womack contends that the district court erred in assessing a four level increase pursuant to U.S.S.G. § 3B1.1(a) because there is "scant evidence" to support a finding that Womack was the organizer or leader of a criminal activity involving five or more participants. Appellant's Br. at 20. Womack emphasizes that none of the alleged co-conspirators testified against him. Further, Womack argues that hearsay testimony alone was used to identify these alleged co-conspirators. Womack also contends that the truthfulness of the government's witnesses was significantly challenged during post-trial proceedings and that the government, at best, proved only "personal use purchases" between Womack and other people. Appellant's Br. at 20. Therefore, Womack argues, the four level increase was improper.

A district court's sentencing determinations under the United States Sentencing Guidelines are reviewed for clear error. United States v. Guerra, 113 F.3d 809, 819 (8th Cir. 1997). U.S.S.G. § 3B1.1 sets forth several factors that the sentencing court should consider when making sentencing determinations. These factors include "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment 4; United States v. Simmons, 154 F.3d 765, 768 (8th Cir. 1998).

The district court found that five people were involved in the conspiracy with Womack. At least four people sold drugs for Womack. Tr. Sentencing Hr'g, Sept. 14, 1998, at 31. Three people assisted Womack in obtaining drugs from sources in Chicago. Appellee's Br. at 36. Womack set the price for the crack cocaine and tried to control and create territories for the sale of drugs in Dubuque. He also attempted to recruit new members into the conspiracy. Tr. Sentencing Hr'g, Sept. 14, 1998, at 30. Based on this evidence, the district court's finding that Womack was a leader in the conspiracy was not clear error.

## III. CONCLUSION

Finding the verdict supported by sufficient evidence and finding the district court properly admitted the co-conspirators' statements, denied the appellant's motion for a new trial, and assessed a four level increase pursuant to U.S.S.G. § 3B1.1(a), we hereby affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.