# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2125

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Calvin L. Jacobs, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 17, 1999
Filed:   January 10, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Calvin Jacobs pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Over his objection, the district court[1] denied a reduction for acceptance of responsibility, and applied an enhancement for obstruction of justice. Jacobs was sentenced to 63 months imprisonment and 3 years supervised release. He appeals, arguing that the court erroneously applied the enhancement, because the court incorrectly found a government witness to be more credible than

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Jacobs's witnesses. He also contends that the court erroneously denied the reduction, because he admitted ownership of the guns.

We find no clear error in the district court's factual findings regarding the obstruction-of-justice enhancement, and we conclude that it was properly applied. See United States v. Hunt, 171 F.3d 1192, 1195-96 (8th Cir. 1999) (standard of review). The court's credibility determination favoring the government witness over Jacobs's witnesses is virtually unreviewable on appeal. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999).

We also conclude that the district court did not clearly err in denying the acceptance-of-responsibility reduction. See United States v. Chatman, 119 F.3d 1335, 1342 (8th Cir.) (standard of review), cert. denied, 522 U.S. 976 (1997). Jacobs did not meet his burden to show that his was an "extraordinary case." See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.4) (Nov. 1, 1997) (obstruction-of-justice enhancement and acceptance-of-responsibility reduction may both apply in extraordinary cases); United States v. Honken, 184 F.3d 961, 968 (8th Cir.) (burden of proof; factors to be considered), cert. denied, No. 99-6975, 1999 WL 1030381 (U.S. Dec. 6, 1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-