# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Nebraska. |
| | * | |
| Paul Brian Portmann, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000

Filed: March 23, 2000

_____

Before MORRIS SHEPPARD ARNOLD and FAGG, Circuit Judges, and BENNETT,[*]
District Judge.

_____

PER CURIAM.

Paul Brian Portmann was stopped by a Nebraska trooper for driving onto the shoulder of the interstate highway in violation of Nebraska traffic laws. See Neb. Rev. Stat. § 60-6,142 (1993). As the trooper stood beside the driver's door during the stop, he smelled a faint odor of raw marijuana coming from the interior of the car. The trooper completed a valid traffic stop, giving Portmann a warning. Before Portmann

_____

[*]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

could leave, the trooper asked for consent to search Portmann's car for drugs, weapons, large amounts of cash or alcohol.  After the trooper made several attempts to get consent, Portmann made it clear that he wanted to be on his way.  Instead of allowing Portmann to leave, the trooper took the drug detection dog from his patrol car and ran it around Portmann's car.  The dog alerted to the rear of the car and a search yielded 70 packages of marijuana with a total weight of 248 pounds.  Portmann moved to suppress the evidence, claiming the trooper did not have probable cause to conduct the warrantless search of the car.  Having found the smell of raw marijuana detected by the trooper at the outset of the traffic stop gave him probable cause to detain and search, the magistrate recommended denial of Portmann's motion.  The district court concurred in that finding and denied Portmann's motion.  Portmann entered a conditional guilty plea on the charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and received a sentence of 37 months with 60 months supervised release.  Portmann appeals the denial of his motion to suppress.  We affirm.

Portmann argues the district court erroneously denied his motion to suppress because the judge failed to conduct the de novo review of the magistrate's Report and Recommendation on the contested issue of the trooper's credibility required by the Federal Magistrates Act, 28 U.S.C. § 636(b)(1) and the Local Rules of the United States District Court for the District of Nebraska § 72.4.  We disagree.  The statute contemplates that the court "'will consider the record which has been developed before the magistrate and make [its] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate,'" United States v. Raddatz, 447 U.S. 667, 675 (1980) (citation omitted), but the court is entitled to "accept, . . . in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  Here, the district court "reviewed the entire court record, including both of the exhibits . . . and the transcript . . . of the evidentiary hearing ."  While the district court found some of the trooper's testimony on other issues was not credible, it concluded from the totality of the circumstances that the trooper's

-2-

testimony regarding the odor of marijuana was credible and adopted the magistrate's Report and Recommendation. Because the district court's decision was based on an independent review of the record, we conclude the court made the required de novo review.

Portmann concedes the smell of marijuana would give the trooper probable cause to search his car, see United States v. McCoy, No. 99-3483, 2000 WL 52109, at *1 (8th Cir. Jan. 21, 2000) (per curiam); United States v. Caves, 890 F.2d 87, 90-91 (8th Cir. 1989), but contends the trooper's assertion that he smelled marijuana was not credible. We review the district court's finding that the trooper smelled marijuana for clear error and we find none. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999). The district court credited the trooper's testimony that he smelled the odor of raw marijuana coming from the interior of the car because "[t]he large quantity of raw marijuana later discovered in the Lincoln's trunk supports the fact that an odor of marijuana was detectable while [the] [t]rooper . . . was at the driver's window or door of the Lincoln." While evidence showed the wind was at the trooper's back as he stood at the driver's side of Portmann's car, the proposition that he still could have smelled the marijuana is not so implausible that a reasonable fact-finder would not credit the testimony. See id.

We affirm the district court's denial of Portmann's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-