# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2247

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| John Robert Kennedy, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 6, 2002
Filed: December 11, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

John Robert Kennedy appeals the sentence imposed by the district court[1] upon his guilty plea to possessing a firearm that was not registered to him, in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871; and being a felon in possession of explosives previously shipped in interstate commerce, in violation of 18 U.S.C. §§ 842(i)(1) and 844(a). The district court sentenced Kennedy to concurrent 71-month prison terms on the firearm and explosives convictions, and to concurrent 3-year terms of supervised release. On appeal, counsel has moved to withdraw and filed a brief under

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in imposing a 4-level increase for possession of firearms and explosives with intent that they would be used in connection with another felony offense, and in denying a downward-departure motion that was based on Kennedy's severe wrist injury. We affirm.

First, at sentencing the government presented a witness who testified that Kennedy asked him to obtain weapons and explosives for use in the robbery of a jewelry store, and that he and Kennedy made and tested grenades. A federal agent testified that he arranged a weapons transfer between Kennedy and the government witness. See United States v. Russell, 234 F.3d 404, 408 (8th Cir. 2000) (at sentencing, government has burden of proof on disputed facts, and generally must satisfy preponderance-of-evidence standard). The district court's finding that the testimony was credible is virtually unreviewable on appeal. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999).

Second, at sentencing the district court stated it was aware of its authority to depart but was declining to do so, and therefore its decision is unreviewable. See United States v. Orosco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.