# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1626

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| David Wayne Forbis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  September 21, 2011
Filed:  October 24, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Under the terms of a written plea agreement, David Wayne Forbis pleaded guilty to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  The district court[1] sentenced him to 188 months in prison and 5 years of supervised release.  His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he seeks leave to withdraw, and argues that the district court failed to comply fully with Federal Rule of Criminal Procedure 11, wrongly applied a dangerous-weapon enhancement under the Sentencing

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Guidelines, and imposed an unreasonable sentence. In a pro se filing Mr. Forbis seeks appointment of new counsel, and argues that the Guidelines base offense level of 32 was too high for the amount of drugs described in the plea agreement, that the presentence report (PSR) improperly included a suppressed statement he made to police about the location of a pistol, that his prosecution was "prosecutorial misconduct," and that his counsel was ineffective.

We reject the pro se arguments. The parties agreed to a base offense level of 32 at sentencing; the court was permitted to accept as true all unobjected-to factual information in the PSR, see United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993), and in any event Mr. Forbis testified at sentencing that he possessed the gun; his assertion of prosecutorial misconduct is conclusory; and we decline to consider his ineffective-assistance claim on direct appeal, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

We also reject the arguments counsel raises. The omissions under Rule 11, which were not raised below, do not amount to plain error. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). The district court properly applied the weapon enhancement because, according to uncontested portions of the PSR, Mr. Forbis possessed at the time of his arrest methamphetamine, items used to manufacture methamphetamine, live ammunition, and a pistol loaded with blanks; and the court did not find credible Mr. Forbis's testimony that he had possessed the pistol only for the purpose of training a gun-shy hunting dog. See U.S.S.G. § 2D1.1(b)(1) (2-level increase if defendant possessed a dangerous weapon) & comment. (n.3) ("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); United States v. San-Miguel, 634 F.3d 471, 474 (8th Cir. 2011) (evidence that weapon was found in same location as drugs or drug paraphernalia usually suffices to show connection between weapon and drug offense; applying weapon enhancement for possession of unloaded revolver found near ammunition and drugs); United States v.

-2-

<u>Womack</u>, 191 F.3d 879, 885 (8th Cir. 1999) (district court's credibility determination is "virtually unreviewable on appeal"). We conclude that the district court committed no procedural error at sentencing, and we see no indication that the sentence--which was within the advisory Guidelines range--was unreasonable. <u>See</u> <u>United States v. Hull</u>, 646 F.3d 583, 588 (8th Cir. 2011) (according presumption of reasonableness to sentence within advisory Guidelines range); <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing procedural error).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue. Accordingly, we affirm the judgment of the district court, we deny Mr. Forbis's pending motion, and we grant counsel leave to withdraw, subject to counsel informing Mr. Forbis about procedures for seeking rehearing or filing a petition for certiorari.

_____