# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1089
_____

United States of America,

*Plaintiff - Appellee,*

v.

Theodore G. Singleton,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 21, 2024
Filed: May 2, 2025
_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

COLLOTON, Chief Judge.

Theodore Singleton pleaded guilty to drug trafficking and firearms offenses, reserving his right to appeal the denial of a motion to suppress evidence. We conclude that there was no error, and affirm the judgment of the district court.[1]

The challenged evidence was seized during a traffic stop in December 2021. A state trooper stopped Singleton on Interstate 80 in Nebraska. The trooper, Sutton, testified that he saw Singleton reduce his speed from 74 to 64 miles per hour and momentarily cross the center line by approximately one foot before returning to the left lane. After the stop, Sutton said that he smelled the odor of marijuana when he approached Singleton's vehicle. Troopers searched the vehicle on that basis. They seized 1.81 kilograms of marijuana in plastic bags, a handgun, and various quantities of heroin, morphine, methamphetamine, fentanyl, cocaine base, and cocaine.

After a grand jury charged Singleton under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), he moved to suppress evidence seized during the traffic stop. The district court, adopting the report and recommendation of a magistrate judge,[2] denied the motion. The court concluded that Sutton had probable cause to stop Singleton because he violated Nebraska law by crossing the center line, and probable cause to search Singleton's vehicle based on the odor of marijuana.

Singleton entered a conditional plea of guilty, and the court sentenced him to 100 months' imprisonment. We review the district court's factual findings for clear error and its legal conclusions *de novo*. "A district court's assessment of a witness's

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

[2]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

credibility is almost never clear error given that court's comparative advantage at evaluating credibility." *United States v. Salsberry*, 825 F.3d 499, 501 (8th Cir. 2016) (internal quotation omitted).

Singleton argues that the trooper lacked probable cause to effect a traffic stop. He contends first that Sutton's testimony about Singleton crossing the center line was not credible. One argument is that the state patrol was already investigating Singleton, and that Sutton concocted the center line violation as a pretext to further a preexisting investigation. Singleton relies on a telephone call after the traffic stop in which an FBI agent informed a different state trooper that a confidential informant had agreed to speak with law enforcement. He also cites his former attorney's testimony that a state prosecutor in plea negotiations left counsel with the "impression" that the informant knew Singleton "before, during, and after" the traffic stop. The FBI agent and two state troopers testified that the confidential informant was not related to Singleton's case. The district court found that the testimony of the officers was "highly credible," that the FBI agent did not call about the informant until more than an hour after the traffic stop, and that the informant's interview was not scheduled until the following day. We see no basis to overturn the district court's credibility finding.

Singleton also maintains that Sutton was not credible because his testimony was inconsistent with his incident report. The report said that Singleton crossed the center line once; at the hearing, Sutton testified that Singleton crossed the line twice, with "some uncertainty" about the second crossing. Sutton explained that he did not list the second crossing in his report because he was not "a hundred percent certain" about it. The district court found that Sutton "saw Defendant drive across the center line into the driving lane, and then pull back into the passing lane for no apparent reason and without signaling." Any dispute concerning Sutton's testimony on a second line-crossing does not make clearly erroneous the district court's credibility finding that at least one line-crossing occurred.

-3-

Singleton next challenges the legal basis for the traffic stop. A Nebraska statute provides that "[a] vehicle shall be driven as nearly as practicable within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Neb. Rev. Stat. § 60-6,139(1).

The Nebraska Supreme Court has explained that the phrase "as nearly as practicable" requires consideration of the surrounding circumstances. In *State v. Au*, 829 N.W.2d 695 (Neb. 2013), the court held that a driver who crossed the center line twice while driving at night on a curved, uneven road did not violate the statute. *Id.* at 700. In that case, the seizing officer's acknowledgment that touching or crossing the lane divider lines was a "common occurrence" also bore on whether remaining within a single lane was practicable. *Id.* The court ultimately concluded in *Au* that "mere touching or crossing of a lane divider line, without more, is not a violation of § 60-6,139(1)." *Id.* at 702.

Singleton argues that he, like the driver in *Au*, crossed the center line only momentarily, and that Sutton thus lacked probable cause to believe that Singleton violated the statute. The district court concluded, however, that *Au* was distinguishable because Singleton "was driving on a straight, dry lane of the interstate during daylight, with no other vehicles near him, and no roadway defects or obstructions." Sutton testified that it was "uncommon for drivers facing similar driving conditions to weave across the center line and back." Under those circumstances, the district court concluded that Singleton violated Nebraska law "by weaving across the center line and a foot into the driving lane and then returning to the passing lane."

At a minimum, Sutton's reasonable belief that Singleton's driving violated Nebraska law was sufficient to establish reasonable suspicion for the traffic stop. Even if the Nebraska Supreme Court were to conclude later that touching or crossing a center line *never* constitutes a violation of the statute, any mistake of law by Sutton

does not justify suppression of evidence. An officer's objectively reasonable belief that a traffic violation has occurred is sufficient to establish reasonable suspicion for a traffic stop even if the officer is mistaken about the law. *Heien v. North Carolina*, 574 U.S. 54, 66-67 (2014).

Despite a broadly stated conclusion in *Au*, the holding of the case concerned a driver who encountered a curved road with uneven pavement at night where crossing of the center line was a common occurrence. Given the facts in *Au*, an objectively reasonable officer in Sutton's position could have believed that touching or crossing the center line is a traffic violation unless abnormal conditions—not present here—render it impracticable for the driver to maintain his lane. *See United States v. Douglas*, No. 8:18CR87, 2018 WL 6040272, at \*2 (D. Neb. Nov. 19, 2018) (concluding that officer had reasonable suspicion where vehicle crossed center divider on a "clear day" where interstate was "not curved," and there were no "visibility problems," "no obstructions on the interstate," and no "snow, ice, debris, or potholes in the road"); *United States v. Brewer*, No. 2:16-CR-84, 2017 WL 6055449, at \*1, \*4-5 (N.D. Ind. Dec. 7, 2017) (concluding that officer had probable cause where vehicle twice drove "for a second or two" over lane dividers, and there were no "obstacles, uneven surfaces, curves in the road, or traffic conditions that might have made one veer outside one's lane by necessity").

Singleton argues finally that even if the traffic stop was valid, the troopers lacked probable cause to search his vehicle. An odor of marijuana emanating from a vehicle establishes probable cause to search. *United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020). Sutton and another trooper, Rice, testified that they smelled the odor of marijuana coming from Singleton's vehicle. Sutton attacks their credibility and points out that there was no evidence of burnt marijuana found in his vehicle. But there is no extrinsic evidence to contradict the troopers' testimony, and the testimony is not internally inconsistent or implausible on its face. *See United States v. Harper*, 787 F.3d 910, 914 (8th Cir. 2015). The troopers ultimately seized

several pounds of marijuana in plastic freezer bags in a backpack in the vehicle's trunk. Under these circumstances, the testimony of the troopers that they smelled the odor of marijuana "is not so implausible that a reasonable fact-finder would not credit the testimony." *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000) (per curiam). The district court's credibility finding was not clearly erroneous, and there was probable cause to search Singleton's vehicle.

For these reasons, the district court did not err in denying Singleton's motion to suppress evidence. The judgment of the district court is affirmed.

_____