# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-2683

———————————————

United States of America

*Plaintiff - Appellee*

v.

Christian Lorenzo Witt

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: November 17, 2025
Filed: May 26, 2026
[Unpublished]

——————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Christian Witt pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He appeals the district court's[1] denial of his pretrial motion to suppress. We affirm.

———————————————

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

On March 18, 2023, a detective with the Rapid City Police Department (RCPD) was patrolling near the Surfwood Apartments in Rapid City, South Dakota. The detective observed a red Chevrolet Impala back out of a parking spot, exit the lot onto a public roadway, and then reenter through another entrance. As the vehicle passed the detective, the detective observed a large spiderweb-shaped crack across its windshield. South Dakota law prohibits operating a vehicle with glass that is cracked "to the extent that it significantly impairs the vision of the motor vehicle operator." S.D. Codified Laws § 32-15-2.3. So the detective initiated a traffic stop. Witt was the only person in the vehicle and, during the stop, he informed the detective that he had outstanding warrants. The detective requested backup. After additional RCPD officers arrived and confirmed the existence of outstanding arrest warrants, they arrested Witt and conducted an inventory search of the vehicle, which revealed drug paraphernalia and a loaded firearm. A grand jury later indicted Witt for being a prohibited person in possession of a firearm.

Before trial, Witt moved to suppress the evidence recovered from the stop, arguing the detective lacked reasonable suspicion or probable cause to initiate the stop. After an evidentiary hearing, the magistrate judge issued a report and recommendation (R&R) finding the detective had probable cause based on his testimony that the windshield crack impaired Witt's vision and recommending Witt's motion be denied. Witt objected to the R&R, arguing the magistrate judge wrongly concluded the detective had "probable cause or reasonable suspicion to initiate the stop . . . ." The district court overruled Witt's objection, adopted the R&R, and denied the motion to suppress. Witt then entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. He now appeals.

"In reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." *United States v. Forjan*, 66 F.4th 739, 746 (8th Cir. 2023) (quoting *United States v. Cox*, 992 F.3d 706, 709 (8th Cir. 2021)). "We may affirm the district court's denial of a motion to suppress on any ground the record supports." *United States v. Betts*, 88 F.4th 769, 772 (8th Cir. 2023) (quoting *United States v. Murillo-Salgado*, 854 F.3d 407, 414

(8th Cir. 2017)). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is a seizure and "must be supported by 'at least a reasonable, articulable suspicion that criminal activity has occurred or is occurring.'" *Forjan*, 66 F.4th at 746 (quoting *Cox*, 992 F.3d at 709). "[A] traffic violation — however minor — creates probable cause to stop the driver of a vehicle." *Id.* (quoting *Cox*, 992 F.3d at 709).

Witt argues the stop was not supported by reasonable suspicion or probable cause because the detective testified he believed the cracked windshield "obstructed," "impair[ed]," or "imped[ed]" Witt's vision, not that it "significantly impair[ed]" his vision, as the statute requires. However, we need not parse the detective's testimony. There are multiple photos of the cracked windshield in the record. The photos show the crack originated between the center and passenger side of Witt's windshield and spiderwebbed across the entire windshield. Considering these photos, we are satisfied the crack significantly impaired Witt's vision, as it would have interfered with both his ability to observe traffic and pedestrians approaching his vehicle from the passenger side and his ability to safely turn. Consequently, the stop was supported by probable cause. At the very least, the detective's belief that Witt's windshield did not comply with § 32-15-2.3 was objectively reasonable. *See United States v. Singleton*, 135 F.4th 1129, 1133 (8th Cir. 2025) ("An officer's objectively reasonable belief that a traffic violation has occurred is sufficient to establish reasonable suspicion for a traffic stop even if the officer is mistaken about the law.").

For the reasons explained above, we affirm the district court's judgment.

_____