# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3483

_____

United States of America,      *
     *
         Appellee,      *    Appeal from the United States
     *    District Court for the Eastern
     v.      *    District of Arkansas.
     *
Timothy Paul McCoy,      *      [PUBLISHED]
     *
         Appellant.      *

_____

Submitted: January 13, 2000

Filed: January 21, 2000

_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A police officer pulled over Timothy Paul McCoy for driving with a burned-out headlight. As the officer approached McCoy's open window, he noticed an unusually strong odor of air freshener, which the officer knew from his experience was often used to mask the smell of controlled substances, and also observed that McCoy seemed very nervous. Because McCoy did not have a driver's license or other identification with him, the officer asked McCoy to come back to his cruiser. McCoy sat in the front seat with the officer while the officer ran a computer check on McCoy and wrote out McCoy's citation. At this close proximity, the officer smelled burnt marijuana on

McCoy and, after handing McCoy the ticket, asked if McCoy would consent to a search of his car. When McCoy refused to give consent, the officer stated he was going to search the car anyway because he smelled marijuana on McCoy. In response, McCoy blurted out, "Alright, I got a sack, I got a little sack of mari[j]uana in my [car]." The officer arrested McCoy, gave him <u>Miranda</u> warnings, and searched the car, finding approximately 280 pounds of marijuana in the trunk.

McCoy was charged with possession of marijuana with the intent to distribute and moved to suppress both the marijuana found during the car search and his statement to the officer about the sack of marijuana. After an evidentiary hearing at which only the officer testified, the district court denied the motion from the bench, simply stating, "[O]n the basis of the testimony I have heard, I feel that it is clear that the motion to suppress should be denied . . . ." McCoy entered a conditional guilty plea and now appeals.

McCoy first contends the district court did not make adequate factual findings to support the denial of his motion to suppress. Although we ordinarily "remand a case to the district court when the district court has failed to set out its factual findings underlying its decision on a motion to suppress," we need not do so here because "the relevant facts in this case are undisputed . . . [and we] may rule based on the record currently before us." <u>United States v. Beck</u>, 140 F.3d 1129, 1131 (8th Cir. 1998); <u>accord</u> <u>United States v. Bloomfield</u>, 40 F.3d 910, 913-15 (8th Cir. 1994) (en banc).

McCoy next argues the district court should have granted his motion to suppress because the officer did not have probable cause to search his car. We disagree. A traffic violation like McCoy's burned-out headlight provided probable cause for the traffic stop and, once McCoy was stopped, the officer was entitled to conduct an investigation reasonably related in scope to the circumstances that initially prompted the stop. <u>See</u> <u>Bloomfield</u>, 40 F.3d at 915. "This reasonable investigation include[d] asking for [McCoy's] driver's license and registration, requesting that [McCoy] sit in

-2-

the patrol car, and asking [McCoy] about his destination and purpose." Id. While seated with McCoy in his patrol car, the officer noticed the odor of burnt marijuana on McCoy. The officer had earlier observed a strong smell of air freshener, a potential masking agent, coming from McCoy's car. Under these circumstances, we conclude the officer had probable cause to search McCoy's vehicle for marijuana. See United States v. Neumann, 183 F.3d 753, 756 (8th Cir.) (officer's detection of smell of burnt marijuana gave probable cause to search vehicle), cert. denied, 120 S. Ct. 438 (1999); United States v. Caves, 890 F.2d 87, 90-91 (8th Cir. 1989) ("odor of an illegal drug can be highly probative in establishing probable cause for a search").

McCoy also contends his statement should have been suppressed because he was in custody when he admitted possessing marijuana and because the officer had not yet given him his Miranda warnings. See Miranda v. Arizona, 384 U.S. 436 (1966). Again, we disagree. McCoy's volunteered admission was a spontaneous statement and was not made in response to questioning by the officer. Thus, the district court properly refused to suppress the statement. See United States v. Hayes, 120 F.3d 739, 744 (8th Cir. 1997).

We affirm the district court's denial of McCoy's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-