# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2298

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Stacy Lee Peltier, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 14, 2000

Filed:      June 29, 2000

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

In January 1998, a Burleigh County, North Dakota sheriff's deputy on evening patrol observed Stacy Lee Peltier driving a pickup truck with no license plates. Because the truck's rear window was darkly tinted, the deputy could not see Peltier's properly displayed temporary registration sticker, and so he stopped Peltier on suspicion of illegally operating an unregistered vehicle. After the deputy explained to Peltier the reason for the stop, Peltier told the deputy that he had been pulled over twice before for the same reason by the Mandan, North Dakota Police Department but that the officers in both earlier instances had concluded the sticker in the rear window was

valid. The deputy then verified for himself that Peltier did indeed have a valid and appropriately displayed temporary registration sticker, but also saw that Peltier was not wearing a seatbelt in violation of North Dakota statutes, see N.D. Cent. Code § 39-21-41.4 (1997), and decided to ticket Peltier for the seatbelt infraction. While waiting for the deputy to write the citation, Peltier turned his heater on high, and, as the deputy handed the ticket to Peltier, he smelled the odor of burnt marijuana coming from the cab of Peltier's truck. The deputy then searched the truck and discovered drugs and drug paraphernalia.

After being charged with certain drug-related crimes, Peltier moved to suppress the evidence the deputy found during the search of Peltier's truck. The district court granted the motion, finding the deputy knew the registration application was valid before he observed the seatbelt violation and concluding that "once the validity of the license application was determined, the lawful nature of the stop terminated and subsequent events violated the constitutional rights of Mr. Peltier to be free of unreasonable search and seizure."

On appeal, the Government first contends the district court committed clear error in finding that "as [the deputy] approached the vehicle he was able to determine, at very close range, that there was a notary sticker attesting to the application for registration and that it was still current" and in finding the deputy realized the temporary registration application was valid before he saw that Peltier was not wearing his seatbelt. We agree that these factual findings are not supported by substantial evidence and are thus clearly erroneous. See United States v. Liu, 180 F.3d 957, 960-61 (8th Cir. 1999). The uncontradicted evidence in the record establishes that, when the deputy stopped Peltier's truck, he could not see the registration application because of the darkly tinted rear window; that, as the deputy walked toward Peltier's truck, he saw the outline of what appeared to be a registration application, but he "did not read [the actual writing on the application] at the time . . . [and] probably could not have without being considerably closer than just standing at the box;" and that the deputy only

checked the validity of the application after he reached the cab where Peltier was seated and had already noticed that Peltier was not wearing his seatbelt.

The Government also asserts the district court improperly concluded the deputy could not detain and ticket Peltier for violating North Dakota's seatbelt law after the deputy verified that Peltier was properly displaying a valid registration application. The applicable North Dakota statute states, "A peace officer may not issue a citation for [the failure to wear a seatbelt] unless the officer lawfully stopped or detained the driver of the motor vehicle for another violation." N.D. Cent. Code § 39-21-41.5 (1997). Contrary to the district court's view, the statute does not require that the deputy actually ticket Peltier for the violation that prompted the traffic stop before permitting a citation for the seatbelt violation. Instead, the plain language of section 39-21-41.5 requires only that the deputy in this case have lawfully stopped or detained Peltier for another violation before ticketing Peltier for the seatbelt violation. See Johnson v. Methorst, 110 F.3d 1313, 1315 (8th Cir. 1997) (appellate court reviews de novo the district court's interpretation of a state statute to determine "the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary and commonly understood meaning").

Peltier concedes, and we agree, that the deputy lawfully stopped Peltier because Peltier's truck had no license plates and the dark tint of the rear window prevented the deputy from seeing the temporary registration application. See United States v. Dexter, 165 F.3d 1120, 1123-26 (7th Cir. 1999) (because officer could not see temporary registration sticker through darkly tinted windows, officer had reasonable suspicion to believe he was witnessing traffic violation and could lawfully stop vehicle even though no traffic violation actually occurred); United States v. Allegree, 175 F.3d 648, 650 (8th Cir.) (officer reasonably believed, although mistakenly, that vehicle violated operating statutes and so was entitled to stop car), cert. denied, 120 S. Ct. 388 (1999); United States v. Grennell, 148 F.3d 1051, 1052 (8th Cir. 1998) ("officer has probable cause to stop a vehicle if he or she 'objectively has a reasonable basis for believing that

the driver has breached a traffic law'").  Because the deputy lawfully stopped Peltier to investigate the possible registration violation, the deputy could properly detain and ticket Peltier for the seatbelt violation he observed while verifying that Peltier had a valid and properly displayed registration sticker.  See § 39-21-41.5; Dexter, 165 F.3d at 1124-25.

The district court found that, while ticketing Peltier for the seatbelt violation, the deputy smelled the odor of burnt marijuana coming from the cab of Peltier's truck.  This finding is not clearly erroneous and, as the Government correctly contends, the smell of marijuana gave the deputy probable cause to search Peltier's truck for drugs.  See United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000) (per curiam); United States v. Neumann, 183 F.3d 753, 756 (8th Cir.), cert. denied, 120 S. Ct. 438 (1999); United States v. Caves, 890 F.2d 87, 90-91 (8th Cir. 1989).

We thus reverse the district court's grant of Peltier's motion to suppress and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-