# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1246NI

_____

United States of America,

        Appellee,

v.

Gary Lee Winters,

        Appellant.

On Appeal from the United
States District Court
for the Northern District
of Iowa.

_____

Submitted: May 10, 2000

Filed: August 2, 2000

_____

Before RICHARD S. ARNOLD and HEANEY, Circuit Judges, and SIPPEL,[1] District
    Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


Defendant Gary Lee Winters appeals from the District Court's[2] denial of his
motion to suppress evidence, arguing that an Iowa state trooper illegally entered his car,

---

[1]The Hon. Rodney W. Sippel, United States District Judge for the Eastern and
Western Districts of Missouri, sitting by designation.

[2]The Hon. Michael J. Melloy, Chief Judge, United States District Court for the
Northern District of Iowa.

and that evidence from the subsequent searches is inadmissible.  We hold that the Court's finding of the officer's legitimate concern for safety is not clearly erroneous, and that the smell of raw marijuana created probable cause to search the defendant's car and its containers.

At 8:00 a.m. on February 2, 1999, Rick Busch, an Iowa state trooper, observed the defendant driving his Chevy Camaro 86 miles per hour on icy roads in a 55-mile-per-hour speed zone.  Trooper Busch turned on his flashing lights and pursued the defendant.  The defendant continued for several hundred yards.  The defendant turned into a farmyard driveway, drove his car into a snow bank, got out of the car, and started walking away from his car and toward the farmhouse.  Trooper Busch, using a loudspeaker, told the defendant to stop.  When the defendant stopped, Trooper Busch asked for the defendant's license, registration, and proof of insurance.  The defendant informed the trooper that his license had been suspended.  Trooper Busch permitted the defendant to go back to his car to search for his vehicle registration and certificate of insurance.

The defendant frantically searched for his papers on the driver's side of the Camaro, where at one point his hands disappeared under the driver's seat of his car.  The defendant kept the driver's side door open while he went around the car to the passenger's side and did a similar search for his documentation.  The defendant told the state trooper that he had no car insurance, but he continued looking through his car.  On the passenger's side of the car, the defendant had access to a baseball bat and soft-sided attaché case.  Trooper Busch cautioned the defendant about reaching under the passenger seat and then put his head inside the open driver's-side door of defendant's car.

With his head inside the car, the state trooper smelled raw marijuana.  The defendant could not find the requested paperwork.  Trooper Busch directed the defendant to sit in the car with his hands on the steering wheel and in plain view while

the trooper summoned back-up assistance. Trooper Busch went to his own vehicle, checked the defendant's history, and found that the defendant had a prior drug record and no valid driver's license. When the second state trooper arrived, the defendant was placed under arrest and given his <u>Miranda</u> warnings. He was charged with speeding, driving without a valid driver's license, lack of insurance, and interference with an officer. While Trooper Busch searched the defendant's car, the second trooper took the defendant to jail and checked him in, finding a plastic bag in the defendant's mouth that contained methamphetamine. When Trooper Busch was searching the defendant's car at the scene, he found marijuana residue in the defendant's attaché case.

Because of the cold weather, Trooper Busch had the defendant's car taken to a service station to complete the search, which was done with the assistance of another officer and a police dog. The dog alerted the officers to the left rear quarter panel of the car. This search recovered a large quantity of amphetamine, an unknown white powdery substance, marijuana, and two loaded hand-guns, which were located in the locked trunk of the defendant's car. As a result of the traffic stop, officers searched the defendant's home pursuant to a search warrant. The search of defendant's home revealed additional quantities of amphetamine and marijuana, as well as an SKS assault rifle. The total quantity of drugs were determined to be 36.66 grams of methamphetamine, 380.39 grams of amphetamine, 9.79 grams of cocaine, and 1,046.4 grams of marijuana. The defendant was indicted on four drug-related counts and one count of carrying a firearm in connection with a drug-trafficking crime.

The defendant filed a motion to suppress the evidence seized from his car and home. An evidentiary hearing was held, wherein the Magistrate Judge bifurcated the inventory-search issues and restricted the hearing to issues related to Trooper Busch's entry into the defendant's car. After the evidentiary hearing, the Magistrate Judge[3]

---

[3]The Hon. John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

denied defendant's motion to suppress. The Magistrate Judge determined that Trooper Busch had probable cause to stop the defendant for speeding. Upon the stop of defendant's car, the trooper appropriately demanded the defendant's license, registration, and insurance papers. The Judge concluded that it was reasonable for Trooper Busch to put his head inside the defendant's automobile as far as necessary to observe the defendant's movements, in light of the defendant's access to a baseball bat, frantic efforts searching for papers, and unusual actions of looking for important papers under the seat of the car. The Judge also concluded that once the trooper smelled marijuana, he had probable cause to search the entire vehicle, including the trunk and all containers therein, for controlled substances. Finally, the Magistrate Judge concluded that because probable cause existed to search the entire vehicle, the defendant's arguments about the validity of the later inventory search were moot, because a search pursuant to the automobile exception to the Fourth Amendment may take place at a separate place and time. The District Court adopted the Magistrate Judge's recommendation and declined to suppress the seized evidence.

The trooper had probable cause to stop the defendant's car because of the defendant's speeding, which is uncontested. It was also valid for the trooper to request the defendant's driver's license, registration, and proof of insurance. See United States v. Ramos, 42 F.3d 1160, 1163 (8th Cir. 1994). The finding of a legitimate concern for safety based on these facts is not clearly erroneous. During an investigative stop, an officer can take steps reasonably necessary to protect his personal safety and to maintain the status quo. United States v. Beck, 140 F.3d 1129, 1134 (8th Cir. 1998). The defendant left the driver's side door open, and the trooper placed his head just inside. Trooper Busch then smelled raw marijuana. This created probable cause to search the car and its containers for drugs. United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000). It was not, therefore, error for the Court to deny the defendant's motion to suppress.

We affirm the judgment of the District Court.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.