# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3805

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Kevin L. Cotton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2003

Filed: March 17, 2003

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Kevin L. Cotton was driving a vehicle that was pulled over by a Nebraska State trooper for having oversize tires not covered by the fender or mud flaps, and a defective brake light. After the trooper approached the vehicle, Cotton's passenger opened his door to provide identification and the trooper smelled a strong odor of burnt marijuana. The trooper searched the vehicle and discovered crack cocaine in the center console. Cotton pleaded guilty to possessing cocaine base (crack cocaine) with

the intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1) (2000), and the district court[*] sentenced Cotton to sixty-five months in prison. Cotton appeals the district court's denial of his motion to suppress the crack cocaine as evidence resulting from an unconstitutional traffic stop and search. Because "[a]ny traffic violation, however minor, provides probable cause for a traffic stop," United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc), and because an officer who smells burnt marijuana coming from a vehicle has probable cause to search the vehicle for drugs, United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000), we agree with the district court that neither the stop nor the search were unconstitutional. The district court properly denied Cotton's motion to suppress the crack cocaine as evidence at his trial. We thus affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.