# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-1297

%
United States of America,     %
%
       Plaintiff - Appellee,    %
% Appeal from the United States
   v.        % District Court for the Eastern
% District of Missouri.
Roosevelt Clayborn,      %
%
       Defendant - Appellant.  %

Submitted:  July 2, 2003
Filed:  August 8, 2003

Before MELLOY,  BEAM, and SMITH Circuit Judges.

MELLOY, Circuit Judge.

Roosevelt Clayborn pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to his plea agreement and Federal Rule of Criminal Procedure 11(a)(2), Clayborn reserved the right to appeal the district court's[1] order denying his motion to suppress evidence, specifically, the seizure of physical evidence found in his vehicle. We affirm.

---

[1] The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri, adopting the report and recommendation of Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, pursuant to 28 U.S.C. § 636(b)(1)(A).

Detective Lee Hall stopped Clayborn on November 19, 2000 in University City, Missouri, after observing Clayborn driving without license plates. Detective Hall informed Clayborn why he was stopped and Clayborn explained that he did not have license plates because he had just purchased the car, but the car had a temporary license tag on its rear window. Although the car had a temporary tag, Detective Hall did not see it when he stopped or as he approached the car.

Detective Hall then asked Clayborn for his registration papers, insurance card, and driver's license. Clayborn produced registration papers and an insurance card, but was unable to produce a driver's license. During this exchange, Detective Hall detected the odor of marijuana coming from the car.

A subsequent computer check revealed that Clayborn's license was suspended. Clayborn was then arrested for driving with a suspended license and a search of the car was performed due to the arrest and smell of marijuana. This search revealed a loaded 9 mm. pistol between the front seats of the car. Because Clayborn was the sole occupant of the vehicle, University City Police Department Policy required the car to be impounded. Pursuant to this policy, a further search of Clayborn's vehicle, including the trunk, was conducted. This search uncovered several packages of marijuana and live rounds of ammunition.

Clayborn contests the district court's denial of his motion to suppress physical evidence. Clayborn claims Detective Hall's request for documentation and subsequent searches occurred after the traffic stop should have ended. In other words, since the reason for the stop was a lack of license plates, once the temporary license tag was pointed out, the traffic stop should have concluded. Accordingly, Clayborn asserts that Detective Hall could not ask for his license and registration because it was not reasonably related to the circumstances that justified the traffic stop. We disagree.

On appeal from a district court's denial of a motion to suppress evidence, this court reviews the factual findings for clear error and the question of whether a Fourth Amendment violation occurred de novo. United States v. Allegree, 175 F.3d 648, 650 (8th Cir. 1999). Clayborn does not challenge the factual finding that Detective Hall's traffic stop was justified and lawful, because it was based on an objectively reasonable, although mistaken, belief that a traffic violation had occurred. See United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000) (holding the fact that officer's belief proved to be mistaken does not negate a finding of probable cause). Therefore, the issue is whether the documentation requests by Detective Hall were reasonably related in scope to the purpose of the stop. United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993) (citing United States v. Cummins, 920 F2d. 498, 502 (8th Cir. 1990)).

Upon stopping Clayborn for no license plates, Detective Hall conducted a very limited inquiry: 1) informing Clayborn why he was stopped and 2) requesting a driver's license, insurance card, and registration. We have consistently held that "[a] reasonable investigation following a justifiable traffic stop may include asking for the driver's license and registration[.]" Allegree, 175 F.3d at 650 (citing United States v. Ramos, 42 F.3d 1160, 1163 (8th Cir. 1994)); see also United States v. Dexter, 165 F.3d 1120, 1126 (7th Cir. 1999) ("Asking for a vehicle's registration papers is clearly a legitimate way to verify a vehicle's registration status.").

Detective Hall's request for Clayborn's registration papers and identification was reasonably related to confirming the vehicle's registration status and explaining the lack of license plates. The subsequent searches were also justified because of the odor of marijuana, the arrest of Clayborn, and the impounding of the vehicle. Peltier, 217 F.3d at 610 (holding that the smell of marijuana gave the police probable cause to search the vehicle); New York v. Belton, 453 U.S. 454, 462-63 (1981) (holding that after making an arrest of the driver of a vehicle, the police may search the passenger compartment of the vehicle); Colorado v. Bertine, 479 U.S. 367, 375

-3-

(1987) (holding that police are authorized to conduct a search of the entire vehicle after it is impounded, as long as standardized procedures are followed and there was a purpose for the investigation other than suspicion of criminal activity). Therefore, Detective Hall's actions did not exceed those justified by the traffic stop and no violation of the Fourth Amendment occurred. Accordingly, we affirm the district court's order denying the motion to suppress the physical evidence found in Clayborn's vehicle.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.