# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1480

_____

United States of America,              *

                                       *

          Appellant,        *

                                       *   Appeal from the United States

    v.                            *   District Court for the Southern

                                       *   District of Iowa.

Kenny Eugene Smart,        *

                                       *

          Appellee.         *

_____

Submitted:  October 19, 2004
Filed:  January 4, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States seeks interlocutory review of a district court order granting a motion to suppress a handgun seized from Kenny Smart's vehicle. After concluding that the police obtained the handgun pursuant to a stop of Mr. Smart's car that was premised on a mistake of law, the district court held that the evidence seized during the subsequent search of the car was the fruit of the poisonous tree. We reverse and remand for further proceedings.

We review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Va Lerie*, 385 F.3d 1141, 1145 (8th Cir. 2004).

Neither party disputes the district court's findings of fact, the salient features of which we rehearse in the course of our consideration of this case.

Officer Chad Nicolino of the Des Moines Police Department, while on patrol in his police car in the early morning hours, observed an oncoming Ford Explorer that was not displaying a front license plate. Knowing that vehicles licensed in Iowa must display both front and rear plates, *see* Iowa Code § 321.37(1), Officer Nicolino turned his car around to follow the Explorer. As he approached the Explorer from behind, the officer observed that it had a rear plate, but he could not determine from his distance what state had issued that plate. Iowa law permits out-of-state vehicles driving on its roads to display only one plate if the vehicle is properly registered in a state requiring only one license plate. *See id*. at 321.53. Because the vehicle's failure to display a front license plate was a possible traffic violation, Officer Nicolino activated his emergency lights and stopped the car for an investigation.

It was only after Mr. Smart's car had stopped and Officer Nicolino approached it on foot that he noticed that there was a Georgia plate on the rear of the car. Officer Nicolino did not know whether Georgia required one or two plates, although it is likely that he could have found out through an information system to which he had access at the time. In fact, Georgia law required a motor vehicle registered in that state to display only one license plate. Ga. Code Ann. § 40-2-41. Officer Nicolino proceeded to the Explorer and asked the defendant for identification, whereupon he recognized the name of the defendant as that of a suspect in a recent shooting. A check of Mr. Smart's identification revealed that his driver's license was suspended in Iowa. Another check revealed that the Explorer was properly registered and licensed in Georgia.

By that time, at least two other officers had arrived on the scene. As one of those officers was removing a passenger from the vehicle, he observed what appeared to be crack cocaine in one of the vehicle's cup holders. The officers then searched the

vehicle, finding, among other things, a Glock handgun. Mr. Smart's possession of that handgun led to his indictment for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

The district court found that Officer Nicolino was laboring under a mistake of law when he stopped Mr. Smart's vehicle, and it held that a mistake of law, however reasonable, cannot provide the basis for a lawful stop. We respectfully disagree with both of these conclusions. We think that Officer Nicolino made neither a mistake of law nor one of fact when he stopped Mr. Smart's vehicle.

Officer Nicolino would have made a mistake of law had he thought that all states required two plates or that Georgia required two plates. But this was not the case: He knew that some states required only one plate and knew that he was unfamiliar with Georgia's requirements. Officer Nicolino would have made a mistake of fact if he had thought that Mr. Smart's vehicle was from a state different from the one it actually was from or that it had no rear plate. In this case, however, Officer Nicolino could not discern what state had issued the plate. Thus, the officer simply had a suspicion, based on an imperfect and incomplete observation, that Mr. Smart might have been violating Iowa traffic laws.

In any case, in our circuit the distinction between a mistake of law and a mistake of fact is irrelevant to the fourth amendment inquiry. As we held in *United States v. Sanders*, 196 F.3d 910, 913 & n.3 (8th Cir. 1999), the validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases the question is simply whether the mistake, whether of law or of fact, was an objectively reasonable one. "The determination of whether probable cause [or reasonable suspicion] existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time." *Id*. at 913. Because the district court characterized Officer Nicolino's decision to stop Mr. Smart's vehicle as a mistake of law and believed that that was the end of

the inquiry, the court did not fully consider the question that lies at the heart of this case, namely, whether Officer Nicolino had an objectively reasonable basis for stopping Mr. Smart's vehicle. Our evaluation of the circumstances here leads us to conclude that he did.

A law enforcement officer whose observations lead him or her reasonably to suspect that a particular person has been or is about to be engaged in criminal activity may stop that person to investigate the circumstances that provoke suspicion. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003). Accordingly, Officer Nicolino had an objectively reasonable basis to stop Mr. Smart's vehicle if he reasonably suspected that Mr. Smart was operating a vehicle that did not comply with Iowa traffic laws. *Cf. United States v. Luna*, 368 F.3d 876, 878 (8th Cir. 2004).

We considered a somewhat analogous situation in *United States v. Geelan*, 509 F.2d 737, 743-44 (8th Cir. 1974), *cert. denied*, 421 U.S. 999 (1975), in which we concluded that an Iowa police officer who stopped a vehicle displaying only a single plate without knowing the state in which the vehicle was licensed acted reasonably in the circumstances. In that case, the officer observed a rear plate that he could identify only as being red and white in color. Knowing that two of Iowa's neighboring states had red and white license plates and that both required two plates, the officer decided to stop the vehicle. *Id.* The officer did not notice that the car was licensed in Indiana, which required only one plate, until after he had stopped the car. *Id*. at 744 n.9. We upheld the stop and characterized the fact that he did not initially observe that the license plate was actually from Indiana as "irrelevant" because the officer "testified that he did not know Indiana required only one plate." *Id.*

An examination of the facts in this case under the reasonable suspicion standard leads us to conclude that the district court erred in suppressing the handgun.

-4-

Officer Nicolino's observations, although incomplete, were sufficient to give rise to a reasonable suspicion that Mr. Smart's vehicle was in violation of Iowa's license-plate requirements. The possibility that there was no violation, and the subsequent determination that there was not, does not mean that the initial suspicion was unreasonable. That would be so even if we assume that the stop was premised on a mistake of law.

Given the lawfulness of the initial stop, Officer Nicolino's request for Mr. Smart's license and registration was justified, even though it occurred after the officer observed the Georgia plate. Officer Nicolino's actions were constitutionally sound provided that they were " 'reasonably related in scope to the circumstances which justified the interference in the first place.' " *United States v. Cummins*, 920 F.2d 498, 502 (8th Cir. 1990), *cert. denied*, 502 U.S. 962 (1991) (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). The officer's request for Mr. Smart's license and registration was reasonably related to confirming the registration status of the vehicle and determining whether the lack of a front license plate was a violation of Iowa law. *See United States v. Clayborn*, 339 F.3d 700, 702 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 2090 (2004). Furthermore, we have held that asking for the driver's license and registration papers is a reasonable part of the investigation following a justifiable traffic stop. *See e.g., id.*; *United States v. Jones*, 275 F.3d 673, 680 (8th Cir. 2001). Of course, once Officer Nicolino discovered that Mr. Smart was driving with an expired driver's license and had the same name as a shooting suspect, the officer had reason to detain him further. *Cf. United States v. Gomez Serena*, 368 F.3d 1037, 1040-41 (8th Cir. 2004). During this time, the other officer's sighting of what appeared to be crack properly led to the vehicle search that uncovered the firearm.

Accordingly, we reverse the district court's grant of Mr. Smart's motion to suppress, and we remand for further proceedings.

_____