# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-4109

_____

United States of America,

        Appellee,

v.

Andrew E. Jennings,

        Appellant.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    District of Nebraska.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: June 12, 2007
Filed: July 27, 2007

_____

Before MELLOY, SMITH and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Andrew E. Jennings entered a conditional guilty plea to one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Jennings reserved his right to appeal the district court's[1] denial of his motion to suppress evidence found during a search of his vehicle and his statement to the police officers, and he now appeals.

---

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

On January 15, 2006, Omaha Police Officer Joseph Wherry received a police dispatch regarding a home robbery. The suspects were reported to be in a white Chevrolet Suburban or Ford Expedition with tinted windows. One of the suspects was reportedly armed with a handgun. Immediately after the dispatch, Officer Wherry observed Jennings's vehicle, a white Chevrolet Suburban with tinted windows, next to his vehicle heading northbound on 30th Street away from the area of the reported robbery. Officer Wherry received backup from other officers and stopped Jennings's vehicle to investigate whether the robbery suspects were in the vehicle. During the stop, Officers Craig Wylie and Jason Slosson, along with other officers, assisted Officer Wherry. The officers removed Jennings, a female passenger and a child from the vehicle. The officers then noticed the odor of burnt marijuana coming from the occupants of the vehicle and from inside the vehicle. Based on this odor, Officers Wylie and Slosson searched the interior of the vehicle for drugs. Officer Wylie opened a loose covering to a compartment in the cargo area of the Suburban behind the second row of passenger seating. In this compartment, he found a bag containing crack cocaine and a small amount of marijuana, along with a handgun. Officer Wylie directed the other officers to put Jennings and the female passenger in handcuffs. Jennings then spontaneously stated that the gun was not loaded. While the exact timing is unclear, at some point after the officers removed Jennings and the passengers from the vehicle and detected the burnt marijuana odor, the victims of the robbery did not positively identify Jennings as the robber.

Jennings does not challenge the initial stop. Instead, he argues that the district court erred in denying his motion to suppress because there was no probable cause for the search of his vehicle and the officers unlawfully continued to detain him after they determined he was not the robber. Jennings also argues that his statement about the unloaded gun was "the result of the illegal search and seizure," an apparent fruit of the poisonous tree argument. *See Wong Sun v. United States*, 371 U.S. 471, 485-86 (1963). "We examine the factual findings underlying the district court's denial of the motion to suppress for clear error and review de novo the ultimate question of whether

the Fourth Amendment has been violated." *United States v. Neumann*, 183 F.3d 753, 755 (8th Cir. 1999).

"Police may search a car without a warrant if they have probable cause to believe that the car contains contraband or evidence." *Id.* at 756 (quotation omitted). The law of this circuit dictates that the odor of burnt marijuana gives an officer probable cause to search a person's vehicle for drugs. *United States v. Peltier*, 217 F.3d 608, 610 (8th Cir. 2000) (finding that an odor of burnt marijuana coming from a vehicle gave an officer probable cause to search the vehicle for drugs); *United States v. McCoy*, 200 F.3d 582, 584 (8th Cir. 2000) (per curiam) (holding that the odor of burnt marijuana on a person, along with a strong smell of air freshener from the vehicle, gave an officer probable cause to search the vehicle for marijuana); *Neumann*, 183 F.3d at 756; *United States v. Caves*, 890 F.2d 87, 90-91 (8th Cir. 1989). Jennings argues that the officers' testimony that they smelled burnt marijuana was "completely unfounded." However, the district court found their testimony to be credible, and credibility determinations by the district court are "virtually unreviewable on appeal," *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007). Therefore, the officers had probable cause to search Jennings's vehicle for drugs because they smelled burnt marijuana coming from the vehicle and its occupants.

Jennings then argues that even if the officers had probable cause to conduct the search, they were not entitled to search the compartment in the cargo area of the vehicle because their detection of the odor of burnt marijuana only permitted them to search areas where burnt marijuana may be found. However, since the officers had probable cause to search for drugs, Officer Wylie properly searched the compartment within the cargo area of the vehicle. *See Caves*, 890 F.2d at 90 (stating that an officer "may examine the contents of all containers, packages and compartments located in the vehicle, provided that there is probable cause to believe that the object of the search will be found there"); *Neumann*, 183 F.3d at 756 (stating that the "smell of burnt marijuana . . . gave [the officer] probable cause to search the *entire* vehicle for drugs") (emphasis added).

Since the officers had probable cause to search the vehicle for drugs based on the odor of burnt marijuana, we find no merit in Jennings's argument about his continued detention. *See United States v. Gipp*, 147 F.3d 680, 685 (8th Cir. 1998) (finding that a continued stop based on an officer's detection of the odor of burnt marijuana on a person is not unlawful because the odor gives the officer a "particularized and objective basis for suspecting [the person] was or had recently engaged in criminal activity") (internal quotation omitted). Therefore, the officers did not unlawfully detain Jennings while they searched the vehicle for drugs.

Finally, since the search and detention were legal, Jennings's statement that the gun was unloaded was not the result of an illegal search and seizure that must be excluded under the fruit of the poisonous tree doctrine. *See United States v. Zacher*, 465 F.3d 336, 340 (8th Cir. 2006).

Accordingly, we affirm the district court's denial of Jennings's motion to suppress.

_____