# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3738

_____

| | | |
|---|---|---|
| Moses Holloway; Lisa Holloway | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Des Arc Arkansas, City of; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Leon Moon, in his individual and | * | |
| official capacity; | * | Appeals from the United States |
| | * | District Court for the |
| Appellant, | * | Eastern District of Arkansas. |
| | * | |
| Darrell Turner, in his individual and | * | [UNPUBLISHED] |
| official capacity; Larry Curtis, in his | * | |
| individual and official capacity; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Rick Parsons, in his individual and | * | |
| official capacity; | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Glen Parsons, in his individual and | * | |
| official capacity; DeWayne Mayher, | * | |
| in his individual and official capacity; | * | |
| Charles Mack, | * | |
| | * | |
| Defendants. | * | |

_____

No. 06-3890
_____

Moses Holloway; Lisa Holloway,    *
        *

    Appellants,    *
    v.    *
        *

City of Des Arc Arkansas; Leon    *
Moon, in his individual and official    *
capacity,    *
        *

    Defendants,    *
        *

Darrell Turner, in his individual    *
and official capacity; Larry Curtis,    *
in his individual and official capacity,    *
        *

    Appellees,    *
        *

Rick Parsons, in his individual    *
and official capacity,    *
        *

    Defendant,    *
        *

Glen Parsons, in his individual and    *
official capacity; DeWayne Mayher,    *
in his individual and official capacity;    *
Charles Mack,    *
        *

    Appellees.    *
_____

Submitted: October 7, 2008
Filed: November 18, 2008 (Corrected: 11/18/2008)
_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In this civil rights action brought by Moses and Lisa Holloway, defendants Leon Moon and Rick Parson[1] have filed an interlocutory appeal from the district court's partial denial of their motion for summary judgment based on qualified immunity. Moon is the Chief of Police and Parson is a police officer for the City of Des Arc, Arkansas. As relevant to this appeal, Moses Holloway claims that appellees violated his Fourth Amendment rights during a traffic stop on June 21, 2001.[2] For the reasons discussed below, we reverse the district court's denial of qualified immunity on this claim.

The facts, as relevant, and in a light most favorable to plaintiffs where genuinely disputed, are as follows. At about 9:00 p.m. on June 21, 2001, Officer Rick Parson initiated a traffic stop of a vehicle with no license plate displayed. Moses Holloway was the driver, and the car's owner was in the passenger seat. Parson approached the driver's side of the vehicle and asked Holloway for his license, registration documentation or a bill of sale, and proof of insurance. Holloway produced his license, and the passenger produced insurance documentation and his identification, but no bill of sale or title. Parson returned to his patrol car and confirmed that Holloway's license was valid and that neither occupant had any outstanding warrants. By then, a deputy sheriff had arrived to assist, and he asked Parson if he had noticed any odors. Parson replied that he might have smelled alcohol. He then returned to the vehicle, and as he returned the documents to

_____

[1]Parson's name was incorrectly spelled "Parsons" in the Holloways' complaint.

[2]Moon and Parson have not briefed the district court's denial of summary judgment regarding the Holloways' claims involving an August 1, 2001, incident. See Hasalla v. Ashcroft, 367 F.3d 799, 805 (8th Cir. 2004) (argument not raised in opening brief is generally not considered).

Holloway and the passenger, Parson leaned into the vehicle to smell and observe the vehicle's interior. Upon detecting a marijuana odor, he asked for permission to search the vehicle, which was denied. Upon returning to the patrol car, the officers decided to call Moon, who lived nearby and had a drug dog. Parson issued Holloway a citation for failing to pay a registration fee, and Moon arrived within a few minutes with Moose, the trained drug dog. Moon circled the exterior of the vehicle with Moose while Holloway and his passenger stood outside. Moose alerted twice, and Moon, who also detected a marijuana odor through the car's open window, searched the vehicle, finding no contraband other than some marijuana seeds. Holloway and the passenger were then told they could leave. The total length of the stop was about one hour and ten minutes.

A district court's denial of qualified immunity is an immediately appealable interlocutory order to the extent that the denial turns on an issue of law; appellate jurisdiction is limited to determining whether, viewing the facts in the light most favorable to the plaintiff, the defendant violated the plaintiff's clearly established federal constitutional or statutory rights, of which a reasonable person would have known. See Walker v. City of Pine Bluff, 414 F.3d 989, 991-92 (8th Cir. 2005) (when district court has denied qualified immunity on ground that material facts are disputed, reviewing court may not review sufficiency of any evidence that is disputed).

It is well settled that stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment, and thus the stop must not be unreasonable under the circumstances. See Johnson v. Crooks, 326 F.3d 995, 997 (8th Cir. 2003). It is also settled, as appellees concede, that even a minor traffic violation gives an officer probable cause to stop the violator. See id. at 998 (because traffic stop is relatively minor intrusion on motorist's privacy interests, its Fourth Amendment reasonableness is judged by standard that applies to investigatory stops, i.e., whether officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot). We conclude that Moon and Parson were entitled to qualified immunity with regard to the June 21 events, because the Holloways did not

rebut defendants' evidence that a marijuana odor was detected, see Scott v. Harris, 127 S. Ct. 1769, 1776 (2007) (fact must be viewed in light most favorable to nonmoving party only if dispute is genuine); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (party seeking to defeat summary judgment must substantiate allegations with sufficient probative evidence permitting finding in his favor based on more than speculation or conjecture), and the detention and search that occurred after the undisputedly permissible traffic stop were thus objectively reasonable under the circumstances, see United States v. Peltier, 217 F.3d 608, 609-10 (8th Cir. 2000) (smell of marijuana provides officers with probable cause to search vehicle); see also United States v. Bloomfield, 40 F.3d 910, 916-17 (8th Cir. 1994) (en banc) (there is no rigid time limitation on investigative stops; one-hour period between time defendant was pulled over and arrested was not unreasonable period to wait for drug dog to verify officer's suspicion).

The Holloways have conceded that appellate jurisdiction is lacking over their cross-appeal. See McCoy v. City of Monticello, 342 F.3d 842, 849 (8th Cir. 2003) (declining to exercise pendent appellate jurisdiction over issues on appeal that were not inextricably intertwined with appealable decision denying qualified immunity).

Accordingly, we dismiss the cross-appeal. We reverse the denial of summary judgment based on qualified immunity to appellants Moon and Parson on the Fourth Amendment claim arising out of the June 21 traffic stop, and we remand the case to the district court for entry of summary judgment on that claim.

_____