# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1429
_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine L. Gadson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2016
Filed: December 2, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

PER CURIAM.

Jermaine L. Gadson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He reserved the right to appeal

the district court's[1] denial of his motion to suppress a pistol, ecstasy pills, marijuana, and a digital scale seized following a stop and search of the vehicle Gadson was driving. Gadson appeals the denial of his motion to suppress, arguing that the law enforcement officer had no objectively reasonable belief that a traffic violation had occurred.

On December 2, 2012, Kansas City Police Officer Mark Porter was surveilling a residence and observed three people leave the residence, get into a car, and proceed westbound on Longview Road. Officer Porter followed. Although another vehicle was between them, Officer Porter testified that he had a clear view of the car as it entered and exited a traffic circle.

A double-headed arrow painted on Longview Road at the entrance to the traffic circle indicates that a vehicle may proceed straight onto the innermost lane of the traffic circle or turn right to stay on the outermost lane. The car Officer Porter was following entered the outermost lane and 100 feet later veered right out of the traffic circle onto Red Bridge Road. Officer Porter testified that the car failed to signal as it exited the traffic circle. Officer Porter believed based on his knowledge with respect to this traffic circle that the person driving the vehicle should have signaled because he was making a right turn at an intersection. Officer Porter relayed the car's failure to signal to Officer John Dawdy. Dawdy stopped the car, which was driven by Gadson. Subsequent searches of Gadson and the vehicle uncovered the drugs and gun.

After he was charged with being a felon in possession of a firearm, Gadson moved to suppress the evidence resulting from the traffic stop, arguing that he did not commit a traffic infraction because he did signal right, or alternatively, that Officer

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Porter did not have an objectively reasonable basis for believing a traffic violation occurred. The magistrate judge[2] recommended denying the motion on the grounds that there was no evidence to support Gadson signaling and Officer Porter could have reasonably believed that Gadson's failure to signal violated a Kansas City ordinance. After independently reviewing the record, the district court adopted the magistrate judge's recommendation and denied the motion to suppress. Gadson appeals the denial, contending only that there was no objectively reasonable basis for believing a traffic violation occurred.

We review the district court's legal conclusions de novo and its findings of fact for clear error. United States v. Ways, 832 F.3d 887, 892 (8th Cir. 2016). "Any traffic violation, however minor, provides probable cause for a traffic stop." United States v. Adler, 590 F.3d 581, 583 (8th Cir. 2009) (quoting United States v. Wright, 512 F.3d 466, 471 (8th Cir. 2008)). "[A]s long as an officer objectively has a reasonable basis for believing that the driver has breached a traffic law" he may conduct a traffic stop. United States v. Gordon, 741 F.3d 872, 876 (8th Cir. 2013) (quoting United States v. Coney, 456 F.3d 850, 856 (8th Cir. 2006)).

Gadson argues that his purported failure to signal upon exiting the traffic circle was not a violation of Kansas City law as set out in Kansas City, Missouri Code of Ordinances Section 70-454, which provides in relevant part:

> No person shall turn a vehicle at an intersection . . . or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in this division.

---

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

This statute, according to Gadson, did not require a signal upon exiting the traffic circle because he entered the circle in the outermost lane and stayed in that lane until it carried his vehicle out of the circle, never turning or changing lanes. He further argues that Officer Porter was not objectively reasonable in believing his actions constituted a violation of the ordinance.

We need not decide whether Section 70-454 required Gadson to signal because an officer may make a traffic stop based on an objectively reasonable mistake of law. See Heien v. North Carolina, 135 S. Ct. 530, 540 (2014); United States v. Smart, 393 F.3d 767, 770 (8th Cir. 2005) ("[T]he validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases the question is simply whether the mistake, whether of law or of fact, was an objectively reasonable one."). Even if Officer Porter was mistaken in his belief that signaling was required prior to exiting the traffic circle, the officer's error of law was reasonable. Section 70-454 requires a signal whenever a person "turn[s] a vehicle from a direct course or move[s] right or left upon a roadway." An objectively reasonable officer in Officer Porter's position could believe that Gadson was required to use his turn signal as he veered right while exiting the traffic circle.

Gadson argues that Officer Porter's belief was not objectively reasonable because his rationale for requiring a signal at this intersection and not others is "conflicting and implausible." But "[w]e do not examine the subjective understanding of the particular officer involved" in determining whether an officer's mistake was reasonable. Heien, 135 S. Ct. at 539. Because Officer Porter had an

objectively reasonable basis for believing Gadson breached a traffic law, the stop was permissible.[3]

The judgment is affirmed.

_____

[3]The government argues, in the alternative, that the officer's discovery of Gadson's pre-existing outstanding warrants attenuated any unconstitutionality of the initial stop under Utah v. Strieff, 136 S. Ct. 2056 (2016). Because we resolve this case on other grounds, we need not address this argument.