UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4325

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

MICHAEL PANKEY,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:16-cr-00079-REP-1)

Submitted: January 26, 2018                       Decided: February 9, 2018

Before TRAXLER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Pankey of possession with intent to distribute heroin and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and the district court sentenced him to 24 months' imprisonment. Pankey appeals the district court's denial of his motion to suppress evidence of drugs and incriminating statements resulting from the search of his vehicle's trunk. We affirm.

In reviewing a district court's denial of a defendant's motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error, construing the evidence presented in the light most favorable to the Government. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). "We owe particular deference to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Patiutka*, 804 F.3d 684, 689 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Warrantless searches "are *per se* unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (internal quotation marks omitted). One exception to the warrant requirement concerns automobiles because of their inherent mobility and the risk that contraband inside the vehicle could disappear while officers obtain a search warrant. *California v. Carney*, 471 U.S. 386, 390-91 (1985). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth

2

Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam) (internal quotation marks omitted). "The scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted," but "[r]ather, . . . the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982).

Pankey contends that the factors identified by the searching officer—the odor of marijuana emanating from the vehicle; the discovery of marijuana in the passenger compartment; Pankey's nervousness; the fact that Pankey was driving on Interstate 85, a drug trafficking corridor, and en route to Oxford, North Carolina, a source city for narcotics; and Pankey's possession of a prepaid flip phone commonly used for criminal activity, in addition to his personal cell phone—were altogether insufficient to give rise to probable cause to search the trunk of his vehicle. He also argues that this court has not ruled that the mere odor of burnt marijuana from a vehicle's passenger compartment is sufficient to establish probable cause to search the vehicle's trunk.

Indeed, we have not yet decided that issue, and there is, in fact, a circuit split on the issue.[1] However, we decline to reach this question because even applying the more

---

[1] The Fifth and Eighth Circuits have held that the mere odor of burnt marijuana may give rise to probable cause to search an entire vehicle, including its trunk. *United States v. Winters*, 221 F.3d 1039, 1041 (8th Cir. 2000); *United States v. McSween*, 53 F.3d 684, 686-87 (5th Cir. 1995). The Tenth Circuit has held that the mere odor of marijuana is insufficient grounds to search a vehicle's trunk, and that "corroborating (Continued)

3

defendant-friendly approach espoused by the Tenth Circuit, we conclude that the other factors identified by the searching officer in addition to the odor of marijuana provided probable cause to search the trunk of Pankey's vehicle. *See United States v. Loucks*, 806 F.2d 208, 211 (10th Cir. 1986) (holding that, while mere odor of burnt marijuana was insufficient to give rise to probable cause to search vehicle's trunk, odor of burnt marijuana on defendant's person plus discovery of marijuana in passenger compartment was sufficient).

Additionally, Pankey's contention that the searching officer lacked probable cause to search the trunk because he had probable cause to search only for marijuana and not heroin or cocaine is without merit. Further, while Pankey complains that the district court considered innocent factors in its probable cause analysis, the district court did not rely exclusively on these factors and was permitted to consider them in the totality of the circumstances. *See United States v. Foster*, 824 F.3d 84, 89 (4th Cir. 2016) ("Seemingly innocent factors, when viewed together, can amount to reasonable suspicion."); *United States v. Booker*, 612 F.3d 596, 601 (7th Cir. 2010) ("The possibility of an innocent

---

evidence of contraband" is necessary. *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995).

explanation does not vitiate properly established probable cause."). We therefore conclude that the district court did not err in denying Pankey's motion to suppress.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because the search was lawful, we need not consider Pankey's additional argument that the district court should have suppressed his subsequent incriminating statements.