## Case No. 5,125.

### The FRIENDSHIP.

[1 Gall. 111.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

G. Blake, for the United States.
B. Whitman, for claimant.

STORY, Circuit Justice. The schooner Friendship and cargo were, on the 24th of April, 1809, libelled for taking on board goods and merchandise without a permit, contrary to the second section of the act of 25th April, 1808, c. 66 [2 Stat. 499]. Since the decision of the supreme court of the United States in the case of The Paulina v. U. S., 7 Cranch [11 U. S.] 52, which declared that no forfeiture accrued for a violation of said section, but the only penalty was, a denial of a clearance, the information has been abandoned, and the only ground of controversy is, whether the court ought to grant a certificate of reasonable cause of seizure.

Upon the hearing of the cause, it appeared that the schooner, with a cargo of fish on board, was taken possession of at Provincetown, by the collector of Barnstable district, on or about the 20th of December, 1808. Her cargo was laden without a permit, and without being under the inspection of any revenue officers. It is quite

1 [Reported by John Gallison, Esq.]

clear, that the collector originally took possession of the Friendship and cargo, without an intention of seizure under the 2d section of the above act, and with an intention to detain the same under the authority given by the 11th section of the same act. As late as the 15th of February, 1809, the collector does not appear to have changed this intention; for a letter from him of that date, declared the property still detained under the 11th section aforesaid. Subsequently to this time, and about the middle of April, 1809, the collector made application to the district attorney on the subject, and by his advice and consent, the schooner and her cargo were eventually libelled. A great deal of evidence has been introduced to fortify, or to rebut, the presumption, that at the time of the detention, the schooner and cargo were bound on an illegal destination. I lay the whole of it out of the present case, because it can be material only in a suit, in which the right or propriety of that detention comes in controversy, which is not strictly the present case; for the seizure is the only question here, which the parties have chosen to litigate; no question as to damages has intervened.

Now it has been solemnly adjudged in U. S. v. Riddle, 5 Cranch [9 U. S.] 311, that a doubt as to the true construction of the law is as reasonable a cause for seizure, as a doubt respecting the fact. The 2d section of the act before us has been a vexata questio; judges in different districts have held opposite opinions, and until last February term of the supreme court, the question was still floating. Now the court in the case of The Paulina, which settled the doctrine, deemed it proper to certify, that there was reasonable cause of seizure. They therefore held in effect, that this act was so doubtful in construction, that collectors acting upon it ought to have the benefit of the certificate. Since then, the facts in the present case show a lading without a permit, which is all the act was supposed to require to fix the forfeiture, I hold myself bound by the decision, which I have stated, to certify that there was reasonable cause of seizure.

Whether the detention, before the seizure made to support the filing of the information, will or ought to be protected by the certificate, I will not decide. If the claimant had, in the court below, put in contest the time of seizure, or had at this term moved for a special certificate, and agreed that it should avail pro tanto, I should have been disposed to grant it. If he will now move for it, after the 1st of March, 1809, I will restrain the certificate to that time, and leave him to his general remedy for the injury, if any, of the previous detention.

On motion, certificate restrained to 1st March, 1809.