# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2863

_____

United States of America

*Plaintiff - Appellee*

v.

Jacquiere Burnside

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: September 26, 2019
Filed: January 7, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jacquiere Burnside entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

appeals the district court's[1] denial of his motion to suppress evidence, arguing that the officer lacked probable cause to initiate a traffic stop because Burnside did not violate Iowa law and any mistake of law was not objectively reasonable. We affirm.

Burnside was driving a Hyundai Santa Fe in Waterloo, Iowa, on October 20, 2017. The vehicle was originally manufactured with two license plate lamps, but the left lamp was not illuminated. Officer Andrew Tindall stopped the vehicle, believing that the unlit lamp violated Iowa law. Burnside identified himself, and dispatch thereafter informed Officer Tindall that Burnside was known to carry weapons. Officer Tindall conducted a pat-down search and discovered a Bryco Arms, Model Jennings Nine 9mm handgun on Burnside's person.

The magistrate judge concluded that Burnside had complied with Iowa Code § 321.387, entitled "Rear lamps," and Iowa Code § 321.388, entitled "Illuminating plates." Iowa Code § 321.387 provides:

> Every motor vehicle . . . shall be equipped with a lighted rear lamp or lamps, exhibiting a red light plainly visible from a distance of five hundred feet to the rear. All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment.

The magistrate judge determined the statute applied "only to rear red lamps on a vehicle, and not to the rear lamps illuminating a license plate." R. & R. of Feb. 26, 2018, at 5-6. Under this interpretation, Burnside did not violate the statute by failing to keep the left license plate light in working condition.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa, adopting, in relevant part, the report and recommendation of the Honorable C.J. Williams, then Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

The magistrate judge determined that Iowa Code § 321.388 applied to rear license plate lights, the requirement of which Burnside had undisputedly complied with. Section 321.388 provides, in relevant part, that "[e]ither the rear lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear." The magistrate judge concluded that Officer Tindall's mistake of law was objectively reasonable, however, and recommended that the motion to suppress be denied.

Contrary to the magistrate judge's determination that Burnside had complied with Iowa law, the district court concluded that Burnside had violated Iowa Code § 321.387 on rear lamps. The court "f[ound] that the Iowa Legislature [had] added the second sentence to § 321.387 with the intent to create an express requirement that 'all lamps and lighting equipment' be maintained in working condition." D. Ct. Order of Apr. 20, 2018, at 9. The district court predicted that "the Iowa Supreme Court would find that operating a motor vehicle with one inoperable license plate lamp violates § 321.387, regardless of whether another lamp is providing the minimum illumination required by § 321.388." Id. at 10. In the alternative, the district court concluded that "even if [its] interpretation of § 321.387 is incorrect, and the entire section applies only to rear lamps, [the court] find[s] that it was objectively reasonable for Officer Tindall to believe that one inoperable license plate lamp violated the statute" and that "the resulting traffic stop was not invalid." Id. at 12.

We need not decide which interpretation of Iowa Code § 321.387 is correct, because any mistake of law by the officer was objectively reasonable. See Heien v. North Carolina, 574 U.S. 54, 60-61 (2014); United States v. Smart, 393 F.3d 767, 770 (8th Cir. 2005). Even if Officer Tindall was mistaken in his belief that Iowa law required both license plate lamps to be illuminated, the officer's error was reasonable in light of § 381.387's language that "[a]ll lamps and lighting equipment . . . shall be kept in working condition." Although Burnside had complied with the statute that

specifically addresses illuminating license plates, Iowa Code § 321.388, an objectively reasonable officer in Tindall's position could have believed that Burnside also was required to have both rear license plate lamps illuminated to comply with the statute that addresses rear lamps, id. § 321.387. See Heien, 574 U.S. at 70 (Kagan, J., concurring) (explaining that "legal error can support a seizure . . . when the law at issue is 'so doubtful in construction' that a reasonable judge could agree with the officer's view." (quoting The Friendship, 9 F. Cas. 825, 826 (No. 5,125) (C.C.C.D. Mass. 1812) (Story, J.))). Accordingly, the traffic stop was lawful.

The judgment is affirmed.

_____